HENRY STURTEVANT *vs.* INHABITANTS ·OF THE COUNTY OF PLYMOUTH.

S., an owner of land over which a. highway was laid out, agreed with the county commissioners " to release all claims for damages consequent on laying out the same, except some damage for removing fence." *Held*, that S. had not, by this agreement, bound himself to accept such damages for removing his fence, as the commissioners might, in their discretion, allow him ; but that he was entitled to have them estimated by a jury.

AT the court of common pleas, held by *Washburn*, J. August term 1846, Henry Sturtevant applied to said court to accept and record the verdict of a sheriff's jury, assessing damages occasioned by the laying out of a highway over his land. The respondents objected to the acceptance of said verdict, for the following reasons : " At the hearing before the jury, the respondents produced a copy of the record of the county commissioners, whereby it appeared that said Sturtevant, at the time when the highway was laid out — to assess the damages for the laying out of which, he petitioned for a jury — agreed to release all claim for damages consequent on laying out the same, except some damage for removing fence : ' That thereupon the attorney for the respondents moved that the sheriff instruct the jury, that the question whether said Sturtevant made a contract with the commissioners, to release all damages consequent on laying out the highway prayed for, except so far as in their discretion they might allow him some damage for removing fence, was a question for the jury to consider ; and that, in ascertaining that fact, the record of the commissioners was conclusive, so far as it was a record of the release of damages : That the said Sturtevant moved the sheriff to instruct the juiy, that the record of the laying out of the road was conclusive as to all facts stated therein ; but

that the question was open to them to find some damages, if they were proper, by reason of being obliged to remove his fence upon the new road, in order to protect his fields; that the jury would determine whether there was any evidence to satisfy them that said Sturtevant agreed to abide the determination of the commissioners as to damages, and that, on the face of the laying out, the said Sturtevant was not entitled to any damages for the land taken for the new highway, by said laying out: That the sheriff instructed the jury to assess the damages sustained by the said Sturtevant for removing his fence on to the line of the new highway, and also to consider how far the evidence of a contract between the said Sturtevant and the commissions should operate in abatement of such damages."

It appeared, from the sheriff's return of his proceedings, that the foregoing statement, made by the respondents as the ground of their objection to the acceptance of the verdict, was correct; and the judge ordered the verdict to be accepted and recorded. From this order the respondents appealed.

*W. H. Wood,* for the respondents.

*Eddy,* for the complainant.

SHAW, C. J. This is an appeal from the judgment of the court of common pleas, ordering a verdict to be recorded in favor of the complainant, being a verdict for damages assessed by a sheriff's jury, on the occasion of laying out a highway over the complainant's land, by the county commissioners. It appeared in evidence before the sheriff's jury, that on laying out the highway over the complainant's land, he had agreed with the commissioners to make no claim for damages, except some damage for removing his fences. By the charge given by the sheriff to the jury, the county had the full benefit of this deduction; and we are to presume that nothing was allowed for the land. The respondents insist, however, that the effect of the agreement was, that the complainant should claim no damages, in the strict and proper sense of that term, to be assessed by a jury, but only to claim an allowance for moving his fences, *at the discretion* of the commissioners

But we see no reason thus to construe the agreement. It was a waiver of all claim for damages, except for one item. But it left his claim unimpaired for that one item, and his remedy for recovering it, as if the residue had not been relinquished. Besides; if the commissioners had so understood the agreement, they would not have granted a warrant for a jury.

*Exceptions overruled.*